# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-170 |
| ) | |
| ) | Re: ECF No. 34 |
| PA. DEPT. OF CORRECTIONS, et al, ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This prisoner civil rights action was received by the Clerk of Court on June 6, 2018. This matter was later referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

As Defendants to this action, Plaintiff named: the Pennsylvania Department of Corrections; John Wetzel; Renee Foulds; Keri Moore; Michael Overmyer; Deputy Superintendent Oberlander; Deputy Superintendent Sawtelle; Mr. Blicha; Mr. Perry; Mr. Brumagin; Ms. Reeher; Captain Chiles; Correctional Officer Miller; Ms. T. Williams; Ms. Best; Mr. Hopkins, and Dr. Eiserman. Plaintiff alleged that these seventeen Defendants violated his constitutional rights in various ways.

The Office of Attorney General, representing all Defendants, filed a partial motion to dismiss on behalf of ten of them (Department of Corrections, Wetzel, Moore, Sawtelle, Reeher, Chiles, Williams, Best, Hopkins, and Eiserman)[1]. ECF No. 34. Plaintiff filed an Opposition

---

[1] No answer has been filed on behalf of the other Department of Corrections Defendants as required by Fed.R.Civ.P. 12(a).

1

Brief. ECF No. 58. Along with the opposition brief, Plaintiff attached multiple pages of documents, many of which purported to be copies of grievances and misconduct appeals.

On May 13, 2019, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the motion to dismiss be granted in its entirety. ECF No. 62. It was recommended that: 1) all claims against the individual Defendants in their official capacity and all claims against the Department of Corrections be dismissed due to sovereign immunity; 2) Wetzel, Moore, Sawtelle, Chiles, Best, Hopkins, and Eiserman be dismissed due to Plaintiff's failure to allege their personal involvement in any constitutional violation; 3) Reeher be dismissed based on Plaintiff's failure to state a due process claim against her; and 4) Williams be dismissed based on Plaintiff's failure to state a due process claim against her.[2] Plaintiff filed Objections thereto. ECF No. 70.

As to Defendant Reeher, the Report and Recommendation analyzed the claim against her as a single incident based on her alleged failure to process a grievance in February 2018. In his Objections, Plaintiff argues that his claim against Reeher goes beyond only a claim of due process. ECF No. 70. This Court agrees. While the factual allegations against Reeher in the complaint seem, at first blush, to be limited to failure to process a grievance, a comprehensive reading of Plaintiff's complaint, alongside the exhibits attached to the opposition brief reveal that the claim against Reeher is not limited to the alleged violations of due process, but instead also includes a charge of retaliation. The Report and Recommendation will be adopted as to the dismissal of the due process claim against Reeher only. I decline to accept the Recommendation that Reeher be dismissed from this action and will order an amended complaint be filed consistent with this opinion, including items which follow, within thirty (30) days.

---

[2] Plaintiff conceded that Chiles and Eiserman should be dismissed for lack of personal involvement in any constitutional violation. ECF No. 64, n.4.

2

Similarly, the Report and Recommendation analyzed the claim against Hearing Examiner Williams as a due process claim based upon her conduct during a misconduct hearing and the rulings she made at it. As far as the Recommendation analyzed the claims under *Sandin v. Conner,* 515 U.S. 472 (1995), and recommended dismissal, I agree; however, Plaintiff's Objections clarify that the claim against Williams extends beyond due process to retaliation here as well. A thorough review of the lengthy complaint confirms that argument. Plaintiff claims that the Hearing Examiner falsified the misconduct report in retaliation for grievances Plaintiff filed against her coworkers. I will adopt the Report and Recommendation as to the dismissal of the due process claim against Williams, but I decline to dismiss Defendant Williams from this action.

Next, Plaintiff objects that the Report and Recommendation is wrong as to the lack of personal involvement of Defendants Moore, Wetzel, Sawtelle, Best, and Hopkins. Here, Plaintiff is mistaken. Even liberally construing the allegations of the complaint, along with a review of the arguments in Plaintiff's Opposition Brief and his Objections, these Defendants should be dismissed from this action due to their lack of personal involvement in the alleged constitutional violation.[3] The Report and Recommendation will be adopted in this regard and these Defendants will be dismissed.

Plaintiff shall file an Amended Complaint within thirty (30) days of this Memorandum Order. The Amended Complaint "must be complete in all respects. It must be a new pleading which **stands by itself** as an adequate complaint without reference to the complaint already

---

[3] Plaintiff also argues that the Report and Recommendation is wrong to dismiss the claim against Defendant Perry that arises out of the alleged failure to adequately investigate during the grievance process. Plaintiff's objections are misplaced as the Report and Recommendation properly analyzed this claim. Because there are other claims against Perry, the Report and Recommendation did not recommend that he be dismissed from this action.

3

filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The Amended Complaint must provide a "simple, concise, and direct" statement of the facts upon which Plaintiff's claim is based as required by the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8. Furthermore, the caption of the Amended Complaint must contain the names and addresses of all Defendants. See Fed.R.Civ.P. 10(a). The Amended Complaint must include all the claims against all the Defendants, fully explaining which Defendant took what action and when that action was taken. See generally In re Supreme Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "the first paragraph of any newspaper story – that is, the 'who, what, when, where and how' of the event at issue.").

It is not the Court's responsibility to amend Plaintiff's complaint. The Amended Complaint will be in accordance with all of the rulings in this order and the requirements of the Federal Rules of Civil Procedure. If the Amended Complaint attempts to bring back defendants or claims dismissed in this Order, that pleading will be stricken as violating this Order. The Amended Complaint shall organize its retaliation claims to specifically allege which Defendant allegedly retaliated against him and how. If a new defendant is added, Plaintiff must provide service papers.

Likewise, it is not the Court's job to make Plaintiff's case. There is no requirement to review any documents or "evidence" beyond that attached to the complaint when reviewing a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(d). The multiple entries on the Court's docket entitled "Correspondence to the Court" were not reviewed as they are not accepted as "evidence" for the purpose of deciding this motion. If these "Correspondence" docket entries are to be reviewed by the Court for any future purpose, Plaintiff will have to

4

submit them in an appropriate manner and at an appropriate time. If an argument in Plaintiff's favor is to be gleaned from his pleading or opposition filings, Plaintiff must make it and not expect the Court to make it for him by searching mass filings for it.

Finally, massive filings and document production to the Court does not, in and of itself, make a claim better or stronger. The quality of the arguments and evidence is much more important than quantity. In fact, a strong claim is often lost amongst the mass.

AND NOW, this 25th day of July, 2019;

After *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto,

IT IS HEREBY ORDERED that the partial motion to dismiss [ECF No. 34] is granted in part and denied in part, as follows:

- All claims against the Department of Corrections are dismissed;

- All official capacity claims against all Defendants are dismissed;

- The due process claim against Reeher is dismissed;

- The due process claim against T. Williams is dismissed;

- The claim against Perry arising out of investigation of a grievance (found at ¶ 78 of the Complaint) is dismissed;

- All claims against Chiles and Eiserman are dismissed; and

- All claims against Moore, Wetzel, Sawtelle, Best, and Hopkins are dismissed.

The motion to dismiss is denied in all other respects.

IT IS FURTHER ORDERED that the Clerk of Courts should terminate the following Defendants from the docket: Department of Corrections, Chiles, Eiserman, Moore, Wetzel, Sawtelle, Best, and Hopkins.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on May 13, 2019 [ECF No. 62] is adopted as the opinion of the court as modified herein.

AND, IT IS FURTHER ORDERED that Plaintiff file an Amended Complaint within thirty (30) days of the filing of this Order.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge
