## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:18-CV-170** |
| | ) | |
| **PENNSYLVANIA DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

After being received by the Clerk of Court, this matter was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

**Relevant Procedural History**

The operative complaint in this matter is the Amended Complaint. *See* ECF No. 74. Plaintiff's claims arise out of incidents that occurred during his incarceration at SCI Forest. The nine Defendants remaining after a prior dispositive motion are: Renee Foulds, Michael Overmyer, Derek Oberlander, John Blincha, David Perry, Michael Brumagin, Lisa Reeher, Trevor Miller, and Tracy Williams. Plaintiff's myriad legal claims arise out of three incidents: a May 2016 assault by a fellow unidentified inmate; a February 28, 2017 attack by three fellow inmates; and damage to personal property following transfer to another prison.[1]

---

[1] The legal claims rising out of the May 2016 stabbing include: failure-to-protect (both before and after the assault), retaliation, racial discrimination, and conspiracy. Plaintiff advances the

These nine Defendants filed a motion for summary judgment [ECF No. 100], a brief in support [ECF No. 101], a concise statement of material facts [ECF No. 102], and an Appendix [ECF No. 103]. Plaintiff responded with a brief in opposition [ECF No. 116], a supplemental brief in opposition [ECF No. 127], and a counter statement of material facts [ECF No. 140]. Additionally, Plaintiff filed numerous affidavits and other correspondence to the Court. ECF Nos. 141-142, 145-153.

On August 14, 2020, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted. ECF No. 155. Objections to the Report and Recommendation were due by August 31, 2020. When none were filed, the undersigned reviewed the Report and Recommendation and adopted it, granting summary judgment to the Defendants on September 2, 2020. ECF No. 156. Later that same date, Plaintiff's Objections were filed. ECF No. 158. This Court agreed to review Plaintiff's late Objections to the Report and Recommendation. *See* ECF No. 159.

However, since that time, Plaintiff has made numerous supplemental filings: Declaration [ECF No. 161]; Correspondence with exhibits [ECF No. 162]; Affidavit [ECF No. 164]; Affidavit [ECF No. 165]; Supplement/Newly Discovered Evidence with exhibits [ECF No. 166]; Exhibit of Newly Discovered Evidence [ECF No. 167]; Correspondence [ECF No. 168]; Correspondence [ECF No. 169]; Notice [ECF No. 170]; Correspondence [ECF No. 171]; Correspondence [ECF No. 172]; Correspondence [ECF No. 173]; Notice of Medical Condition [ECF No. 175]; Correspondence [ECF No. 176]; Declaration [ECF No. 177]; Declaration [ECF

---

following legal claims that arise out of the February 2017 altercation: failure-to-protect, excessive force, falsifying a report, retaliation, racial discrimination, conditions of confinement, retaliation/stolen legal papers, retaliatory transfer, and conspiracy. Plaintiff also alleges retaliation and breach of contract claims arising out of damage to his personal property following a transfer.

No. 178]; Affidavit [ECF No. 179]; Correspondence with exhibits [ECF No. 181];

Correspondence with affidavit [ECF No. 182]; Correspondence with affidavit [ECF No. 183]

(duplicative of ECF No. 182); Correspondence [ECF No. 184]; and Correspondence [ECF No.

185]. These superfluous filings are well outside those contemplated in the Federal Rules of Civil

Procedure. Like all of Plaintiff's filings throughout the pendency of this case, many of the

arguments raised in these filings are off the mark. Despite their improper procedural context, this

Court has reviewed **all** of Plaintiff's excessive filings, many of which are not relevant to the

Report and Recommendation and Objections, thereby wasting scarce judicial resources.


**Standard of Review**

"If a party objects timely to a magistrate judge's report and recommendation, the district

court must 'make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866

F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1).  Regardless of whether timely

objections are made, district courts may accept, reject, or modify—in whole or in part—

the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule

72(D)(2).


**Plaintiff's Objections to the Report and Recommendation**

Plaintiff's Objections are over fifty pages in length. The filing is rambling, repetitive, and

at places, difficult to follow.[2] Nevertheless, Plaintiff's legal claims and the Objections to the

Report and Recommendation will be addressed seriatim.

---

[2] Frequently throughout the filing, Plaintiff makes baseless accusations of bias and/or misconduct
by Judge Lanzillo. Plaintiff baldly accuses him of having an interest in the outcome of this case,

***The May 26, 2016 stabbing by unidentified inmate***

***Failure to protect (pre-assault)***
***against Blincha, Perry, Oberlander, and Overmyer***

Plaintiff takes issue with Judge Lanzillo's finding that he "failed to identify any particularized threat from a specific inmate or group of inmates" prior to the assault. ECF No. 144, page 14. Plaintiff points to Grievance 576641 to refute this finding. ECF No. 158, page 1. However, a review of this Grievance [found at ECF No. 127-1] reveals that Plaintiff identified only a general threat from "individuals in the Step-Down Unit." Even if Plaintiff's claim that he was suffering from stress caused by fearing for his own safety, any harm is based on his general observations that inmates from the Step-Down Unit were harassing other inmates and his fear that he could be next. As explained by Judge Lanzillo, under the law this evidence does not support a failure to protect claim against Defendants Blincha, Perry, Oberlander, and Overmyer. Plaintiff's Objections are overruled.

***Failure to protect (post-assault)***
***against Blincha, Perry, Oberlander, Overmyer, and Foulds***

Plaintiff maintains that he should have been transferred to another prison after this attack and that the fact that he was not transferred resulted in a failure to protect him. Judge Lanzillo concluded that based on evidence that "Williams refused to assist prison officials in identifying

---

although Plaintiff does not explain what that interest may be. He complains that Judge Lanzillo credited all of the Defendants' evidence and none of his evidence and he attacks Judge Lanzillo's discovery rulings as biased and unfair. "Judicial rulings [and] routine trial administration efforts … do not establish bias unless they display deep-seated and unequivocal antagonism that would render fair judgment impossible." *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. Mar. 21, 2006) *quoting Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Having reviewed the filings in this case, I see no such antagonism toward Plaintiff.

his assailant, remained separated from the attacker, and reassured the PRC that he was no longer in danger, his post-attack failure to protect claim should be dismissed." ECF No. 155, page 16. Moreover, Plaintiff's contention that he should have been transferred after an assault does not state a failure to protect claim under the Eighth Amendment as such claims focus on happenings before the attack, not after. Plaintiff's Objections in this regard are overruled.

*Retaliation*

Judge Lanzillo recommended that judgment be granted in favor of Defendants on Plaintiff's retaliation claim arising out of the alleged failure to protect during the May 2016 assault. The recommendation was based on (1) Plaintiff's failure to exhaust a retaliation claim in accordance with the requirements of the Prison Litigation Reform Act[3] and (2) lack of evidence to support the claim.  ECF No. 155, pages 16-17.

In his Objections, Plaintiff expands his retaliation claim to include both the pre-assault and post-assault failure to protect components of his claim. A litigant may not expand the parameters of his legal claim by way of Objections. *See Kaetz v. Unknown U.S. Marshals*, 2022 WL 357215, at * 1 (W.D. Pa. Feb. 7, 2022) *citing Johnson v. DelBaso*, 2021 WL 567247, at *1 n.1 (W.D. Pa. Feb. 16, 2021) and *Washington v. Gilmore*, 2021 WL 688088, at *2 (W.D. Pa. Feb. 23, 2021). Plaintiff's claim, as pled in the amended complaint, is a pre-assault failure to protect claim and must be analyzed as such here.

---

[3] The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires an inmate to exhaust any available administrative remedies before bringing an action pursuant to 42 U.S.C. § 1983 in federal court. While the PLRA's exhaustion requirement is not a jurisdictional bar to litigation, the requirement is strictly enforced by the courts. "This rigorous enforcement is mandated by a fundamental recognition that § 1997e's exhaustion requirement promotes important public policies." *Payne v. Kabilko*, 2018 WL 2771583, at *4 (M.D. Pa. Apr. 17, 2018).

As Judge Lanzillo explained, there is only one grievance in the record related to this incident and that grievance does not complain of retaliation. I have reviewed Grievance 630096 and while it was presented through the appropriate levels of the administrative remedy process, there is no mention of retaliation or anything that could, even liberally, be construed as retaliation. Accordingly, because Plaintiff has not exhausted a retaliation claim, the Objections are overruled.[4]

### *Racial discrimination*

Plaintiff makes no objection to Judge Lanzillo's recommendation that judgment be granted in favor of Defendants on this claim.

### *Conspiracy to Retaliate*

Judge Lanzillo recommended that this claim be dismissed because Plaintiff failed to adduce any evidence in support of a conspiracy amongst any of the Defendants. ECF No. 155, page 19.

Plaintiff objects stating that a reasonable jury "could conclude that there was a meeting of the minds" on the part of Defendants Blincha, Perry, Oberlander, and Overmyer "to conspire to force the Plaintiff to live in fear on C Block and to refuse to move him off of C Block since the evidence that the Plaintiff submitted to the Court for this summary judgment proceeding supports the allegations that the Plaintiff alleged in his amended complaint." ECF No. 158, page 21. In support of his argument, Plaintiff points to Interrogatories and Grievance 630096 as evidence of a conspiracy to retaliate. *Id*. at pages 21-22. This Court need not examine the evidence in this

---

[4] Because Plaintiff has not exhausted this claim, the merits of this claims need not be addressed. *See Nyhuis v. Reno*, 204 F.3d 65, 68, 78 (3d Cir. Feb. 15, 2000).

regard because, just as Plaintiff failed to exhaust a retaliation claim, he similarly has not presented any conspiracy to retaliate claim through the administrative remedy process. Accordingly, any such claim is unexhausted and judgment should be granted in favor of Defendants on that alternative basis.

Plaintiff's Objections are overruled.

### Claims arising out of the February 28, 2017 altercation with inmates Boothe, Miller, and Quigley

#### Failure to Protect against Defendant Brumagin

Magistrate Judge Lanzillo recommended that judgment be granted in favor of Defendant Brumagin on the failure to protect claim based on 1) Plaintiff's failure to articulate a real specific threat and 2) failure to exhaust the claim. ECF No. 155, pages 20-21.

Throughout his lengthy Objections, but especially here, Plaintiff complains that Judge Lanzillo failed to credit the allegations of the amended complaint. *See, for example*, ECF No. 158, page 24. Plaintiff misunderstands the standard of review at this summary judgment stage of the proceedings. In the face of a well-supported Rule 56 motion, the non-movant must "provide facts showing that there is a genuine issue for trial to avoid summary judgment." *Gary Miller Imports, Inc. v. Doolittle*, 2020 WL 7027483, at *3 (W.D. Pa. Nov. 30, 2020). The non-moving party "may not rest upon the mere allegations or denials of [its] pleadings but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) *quoting D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014).

Additionally, Plaintiff makes much of a February 17, 2017 Request Slip that he argues is evidence supporting his claim. Plaintiff contends that he mailed such to the Clerk of Courts who

marked it "Received" but did not file it. Plaintiff explains that consideration of this document would support the merits of the failure to protect claim.

Plaintiff's arguments in this regard are for naught. The evidence demonstrates that Plaintiff did not **properly** exhaust this claim; Grievance 665622 was dismissed at the SOIGA level due to Plaintiff's failure to provide the correct legible documentation in support of his grievance. *See* ECF No. 103-2, page 42. Plaintiff's failure to abide by the procedures set forth in Department of Corrections' policy resulted in the dismissal of his claim. *See Woodford v. Ngo*, 548 U.S., 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings."); *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) ("[T]hese procedural requirements are drawn from the policies of the prison in question rather than from any free-standing federal law.") Such is a failure to properly exhaust his claim under the PLRA and is the basis upon which summary judgment will be granted here. Any (potentially missing or unfiled) Request Slip is wholly irrelevant to the discussion of proper exhaustion under the grievance policies of the Department of Corrections. Summary judgment will be granted in favor of Defendant Brumagin in this regard.

*Excessive force against Defendant Miller*

Here, Plaintiff alleges that Defendant Correctional Officer Miller sprayed him with an unreasonable amount of pepper spray during the altercation. Judge Lanzillo concluded that summary judgment is warranted both 1) because Plaintiff failed to properly exhaust the claim

and 2) because the video evidence supports a finding in favor of Defendant Miller under the law. ECF No. 155, pages 22-25.

In his Objections, Plaintiff "declares under penalty of perjury that he exhausted his administrative remedies for Grievance Number 669476." ECF No. 158, pages 31-2. Plaintiff's declaration does not make it so. The evidence before this Court reveals that the subject matter of Grievance Number 669476 is Defendant Miller's failure "to pay attention to everything that was going on" when Plaintiff was attacked by three other inmates. *See* ECF No. 103-2, pages 14-15. Plaintiff does not mention the use of excessive force or even the use of pepper spray.

Plaintiff has not presented the excessive force claim through the administrative remedy process and therefore, it is not exhausted. Summary judgment will be granted in favor of Defendant Miller on this claim.[5] Plaintiff's Objections are overruled.

*Falsifying a report claim against Defendants Miller and Williams*

Plaintiff alleges that Defendant Miller falsified Misconduct Report No. B982130 (Fighting and Disobeying an Order) and that Defendant Hearing Examiner Williams upheld the false misconduct and sentenced him to 30 days in administrative custody. Judge Lanzillo examined the evidence and found that Plaintiff failed to exhaust this claim. ECF No. 155, page 26.

Plaintiff objects to this recommendation. However, the record evidence demonstrates that Plaintiff did not appeal this Misconduct to the final level of review. ECF No. 103-2, page 11. Plaintiff's own exhibits, cited to as P.32 (and found at ECF No. 162-1, page 36 *et seq*) do not

---

[5] Because Plaintiff failed to exhaust this claim, the merits of the claim need not be addressed. *See supra,* n.4.

contradict this. Plaintiff's Objections are overruled. Summary judgment will be granted in favor of Defendants.

### Retaliation against Brumagin, Miller, and Williams

Plaintiff claims that the actions of Defendants Brumagin, Miller, and Williams (by way of filing the misconduct) were in retaliation for Plaintiff's filing of lawsuits and his use of the administrative remedy process. Judge Lanzillo found that Plaintiff did not provide any evidence of adverse action to support a retaliation claim against Brumagin. ECF No. 155, page 27. As to Defendants Miller and Williams, Judge Lanzillo found that, "aside from any theoretical retaliatory animus," the videotape evidence of the altercation supported the misconduct issued by Miller and upheld by Hearing Examiner Williams. *Id*. at page 28.

Although Plaintiff indicates that he objects to Judge Lanzillo's recommendation of judgment in favor of Defendants on this claim, it is difficult to discern his argument as to why the recommendation should not be adopted as the opinion of this Court. *See* ECF No. 158, pages 40-42. Plaintiff details the constitutionally protected conduct to support a retaliation claim but he does not provide any argument that challenges Judge Lanzillo's findings and recommendation. In this regard, Plaintiff's Objections are meritless and are overruled.

### Racial Discrimination

Judge Lanzillo concluded that Plaintiff pointed to no evidence to support a racial discrimination claim. ECF No. 155, page 28. In his Objections, Plaintiff urges this Court to reject the recommendation based on the allegations in his complaint and amended complaint.

Again, Plaintiff misunderstands the standard of review on a motion for summary judgment. In light of a well-supported motion for summary judgment, the non-movant must point to evidence to support his claim and "may not rest upon mere allegations." *Jutrowski*, 904 F.3d at 288. "Bare assertions, conclusory allegations, or suspicions will not suffice." *Id*. Plaintiff's Objections are overruled.

### Conditions of Confinement

Plaintiff alleges that prison officials violated the Eighth Amendment by allowing inmate Boothe, one of the inmates involved in the altercation, to be in the law library with him on multiple occasions. Judge Lanzillo found that Plaintiff produced no evidence in support of an Eighth Amendment claim.

In his Objections, Plaintiff again points to no evidence to support his claim but instead argues:

> If the Plaintiff would not have maintained his cool, things could have turned out ugly. It was if the Defendants were hoping that the Plaintiff would have attacked inmate Boothe so that the Defendants could have made the Plaintiff look like the bad guy in this case. Fortunately for the Plaintiff, he didn't fall for the trap that his Defendants set up.

ECF No. 158, page 43. Plaintiff's argument is insufficient to defeat a motion for summary judgment. The Objections are overruled.

### Retaliation/stolen papers

Plaintiff alleges that his legal papers (the original complaint he was drafting in this case) were confiscated by prison officials while he was in the RHU. Judge Lanzillo found that this claim was unexhausted. ECF No. 155, page 30.

Plaintiff objects to Judge Lanzillo's conclusion and claims that he did exhaust the relevant grievance (688231). Plaintiff points to no evidence in support of his statement in this regard. And the evidence before the Court shows that Plaintiff did not properly exhaust this grievance. ECF No. 103-2, page 58. Plaintiff's Objections are overruled.

### Retaliatory Transfer

Plaintiff claims that Defendants Overmyer, Oberlander, Brumagin, and Kelly orchestrated a retaliatory transfer from SCI Forest to SCI Fayette after their discovery that Plaintiff was preparing a civil lawsuit against them. Plaintiff argues that this transfer was retaliatory because Defendants knew that Plaintiff would be exposed to excessive amounts of airborne coal ash at SCI Fayette.

Judge Lanzillo concluded that judgment should be granted in favor of Defendants 1) because the claim was not properly exhausted and 2) because Plaintiff did not establish two elements of a *prima facie* retaliation claim. ECF No. 155, pages 30-31.

In his Objections, Plaintiff once again argues that he did exhaust this claim but he points to no evidence in this regard. The evidence in the record reveals that Plaintiff did not properly exhaust this claim. ECF No. 103-2, page 58.[6] Plaintiff's Objections are overruled.

### Conspiracy

Plaintiff baldly objects, without argument, to Judge Lanzillo's conclusion that summary judgment should be granted in favor of Defendants as to this claim. ECF No. 158, pages 52-53. The Objections are overruled.

---

[6] Because Plaintiff has failed to exhaust this claim, the undersigned need not reach the merits of Plaintiff's claim. *See supra*, n.4.

***Claims arising out of damaged personal property***

*Retaliation*

Plaintiff alleges that Defendants Perry and Reeher engaged in unlawful retaliation while responding to one of his grievances regarding damage to personal property. Judge Lanzillo concluded that summary judgment should be granted because Plaintiff failed to provide evidence of a *prima facie* retaliation claim against both Defendants in different ways. ECF No. 155, pages 33-34. In his Objections, Plaintiff argues that the recommendation should be rejected but, once again, he fails to point to evidence to overcome Judge Lanzillo's conclusion on the law and recommendation that summary judgment be granted. ECF No. 158, pages 53-55.

Plaintiff's Objections are overruled.

*Breach of Contract*

Judge Lanzillo recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's breach of contract claim and that it be dismissed without prejudice to his refiling the same in state court. Plaintiff does not argue against this recommendation.

After *de novo* review of the amended complaint, documents, and evidence in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 20th day of June 2023;

IT IS ORDERED that Defendants' motion for summary judgment [ECF No. 100] is granted.

IT IS FURTHER ORDERED that final judgment is entered in favor of Defendants and against Plaintiff pursuant to Fed.R.Civ.P. 58.

AND, IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on August 14, 2020 [ECF No. 155] is adopted as the opinion of the court, with the additions discussed herein. With regard to the legal claims that are unexhausted in accordance with the requirements of the Prison Litigation Reform Act, I have not reviewed, and express no opinion on, the merits of Plaintiff's claims.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge